UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| Kevin Kalkhoven, | No. 2:21-cv-01440-KJM-JDP |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| United States of America, | |
| Defendant. | |

Kevin Kalkhoven appeals the jeopardy assessment the Internal Revenue Service effected against him. Presently, he moves to seal almost the entirety of the 1797-page administrative record. For the reason's below, the court **denies the request to seal**.

I.     **BACKGROUND**

On or about July 6, 2021, the Internal Revenue Service ("IRS") initiated a jeopardy assessment against Kevin Kalkhoven. Compl. ¶ 1, ECF No. 1. Kalkhoven initiated this action under 26 U.S.C. § 7429, seeking judicial review of the jeopardy assessment and jeopardy levy. *See generally id.* Kalkhoven requests to seal portions of the underlying administrative record. Notice of Request to Seal, ECF No. 6.

By Kalkhoven's own admission, some aspects of the record are public. However, he contends the record "contain[s] sensitive personal identifying information relating to [him] and

/////

1

his family, [his] confidential tax return and tax return information, and other sensitive financial information." *Id* at 1. The government opposes and Kalkhoven has replied.

## II.   LEGAL STANDARD

There is a strong presumption in favor of public access to court records. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In determining what standard to apply to requests to seal, the Ninth Circuit distinguishes between non-dispositive and dispositive motions. *Id*. at 1179–80.

To seal documents filed with a dispositive motion, a party "must meet the high threshold of showing that 'compelling reasons' support secrecy." *Id*. at 1180. That is, the party requesting to seal "must articulate[ ] compelling reasons supported by specific factual findings . . . that outweigh . . . the public interest in understanding the judicial process." *Id*. at 1178–79 (citation and internal marks omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. at 1179 (quoting *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978)).

On the other hand, a party requesting to seal a document filed with a non-dispositive motion needs to demonstrate "good cause." *Id*. at 1180. To satisfy the "good cause" standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result" if the request to seal is denied. *Phillips*, 307 F.3d at 1210–11. "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning'" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (citation omitted).

## III.   ANALYSIS

Kalkhoven makes the pending request to seal in relation to a dispositive matter, as the court must make the "final and conclusive" determination in this matter upon hearing parties' arguments. *See* 26 U.S. Code § 7429(f). Accordingly, the "compelling reasons" standard applies. Kalkhoven does not provide compelling reasons for sealing the entire record.

Requests to seal are "frequently overbroad." *Stiles v. Wal-Mart Stores, Inc.*, No. 2:14-2234, 2021 WL 1212645, at *1 (E.D. Cal. Mar. 31, 2021) (citation omitted). Here, Kalkhoven requests to seal 1651 pages of the 1797-page administrative record. The information in the administrative record he seeks to seal can be broken down into two categories: 1) personal information, and 2) tax information.

### A.   Personal identifying information

Redaction may be appropriate based on privacy concerns. This court's Local Rules provide that, unless the court orders otherwise, a filing party shall omit or redact certain information from documents including, among other items, (i) "[m]inors' names; (ii) "[f]inancial account numbers"; (iii) "Social Security numbers"; (iv) "[d]ates of birth"; (v) "[h]ome addresses"; and (vi) "[a]ll other circumstances. . . when federal law requires redaction." Local Rule 140(a); *see also* Fed. R. Civ. P. 5.2. Thus, Kalkhoven is required to redact the information covered by the rule from the administrative record before filing it. He does not need a court order to do so. That redaction of some information is required, however, does not support the extensive sealing Kalkhoven seeks. To the extent the local rule on redaction does not reach other personal identifying information covered by Kalkhoven's request, his request is denied.

### B.   Tax information

Kalkhoven claims his personal tax returns and documents containing references to his tax information should be sealed based on his ongoing business interests and concerns regarding identity theft or fraud. Regarding Kalkhoven's business interests, as a general rule "the common-law right of inspection has bowed before the power of a court to insure that its records are not used . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 597, *quoted in In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09-2087, 2011 WL 3759632, at *1 (S.D.Cal. Aug. 25, 2011) (marks omitted). Such "private . . . information of competitive value" includes the "detailed financial information" of individuals and companies. *See id*. at * 1–2. At the same time, "conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182. If a party does not "articulate with any specificity how disclosure" would cause

3

it harm, its request to seal must be denied. *Tevra Brands LLC v. Bayer HealthCare LLC*, No. 19-04312, 2020 WL 1245352, at *3 (N.D. Cal. Mar. 16, 2020). Here, Kalkhoven has made no "particularized showing" of a competitive disadvantage he will suffer or a compelling reason to seal the business records covered by his request on this ground. *See Kamakana*, 447 F.3d at 1176.

Turning to Kalkhoven's second argument, that his tax return information should be sealed based on fraud concerns, the law provides that "[r]eturns and return information shall be confidential." 26 U.S.C. § 6103(a). However, § 6103 provides exceptions. "A return or return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration, . . . if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under [26 U.S.C. § 6103.]" 26 U.S.C. § 6103(h)(4)(A). As Kalkhoven is bringing this action against the federal government to appeal a jeopardy assessment and levy the IRS imposed against him based on his tax returns, the court finds the exception to maintaining returns and return information on the public docket, unsealed, applies. *Compare Schmidt v. Internal Revenue Serv.*, No. 2:20-2336, 2020 WL 10787492, at *2 (E.D. Cal. Dec. 1, 2020) (denying request to seal tax documents where plaintiff was suing the federal government for a tax refund and plaintiff only made "generalized" claims she might be "the victim of fraud if her tax information [was] released.") *with Ross v. Bar None Enterprises, Inc.*, No. 2:13-234, 2014 WL 2700901, at *2 (E.D. Cal. June 13, 2014) (sealing tax returns for good cause because "tax returns and return information shall be confidential" and no exceptions under 26 U.S.C. § 6013 applied in this wage and hour suit) (alteration and marks omitted)). Kalkhoven's generalized concerns about fraud are insufficient to meet the standard for sealing his tax returns.

**IV.   CONCLUSION**

The court **denies Kalkhoven's request to seal and orders Kalkhoven to file the administrative record on the docket, with redaction** of (i) minors' names; (ii) financial account

/////

4

1  numbers, leaving the last four digits; (iii) social security numbers, leaving the last four digits; (iv)
2  dates of birth, leaving the year; and (v) home addresses.
3       This order resolves ECF No. 6.
4       IT IS SO ORDERED.
5  DATED:  August 24, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE